**Andrew M. GAYLE, Plaintiff,**

v.

**The GOVERNOR OF GUAM, Defendant,**

**The Guam National Chapter of the American Civil Liberties Union et al., Intervenors.**

**Civ. No. 76–021.**

District Court of Guam.

June 8, 1976.

Howard G. Trapp, Trapp, Gayle, Teker, Hammer & Lacy, Agana, Guam, for plaintiff.

Philip H. Jacobsen, Asst. Atty. Gen., Agana, Guam, for defendant.

Timothy A. Stewart, Agana, Guam, for intervenors.

## JUDGMENT

DUENAS, District Judge.

The action came on for hearing of plaintiff's application for a preliminary injunction. Plaintiff appeared by Trapp, Gayle, Teker, Hammer & Lacy, Howard G. Trapp, Esq., defendant appeared by an Assistant Attorney General of Guam, Philip H. Jacobsen, Esq., and intervenors appeared by Timothy A. Stewart, Esq. The Court after the commencement of the hearing having ordered the trial of the action on the merits advanced and consolidated with the hearing of said application and the issues having been duly tried and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED:

That the reasons for the issuance of this judgment set forth in the aforesaid decision are adopted by this reference thereto.

That defendant's Executive Orders Nos. 76–12 and 76–14 are unconstitutional, invalid, and void.

That defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise, are permanently enjoined and restrained from invading, infringing upon, or interfering with, by the making of any curfew order or in any other way, plaintiff's, intervenors', or any other person's right to go in or upon any public street or highway or any other public place, grounds, or building whatever.

## MEMORANDUM ORDER

Plaintiff filed his complaint during the aftermath of Typhoon Pamela asking this Court to issue preliminary and permanent injunctions enjoining and restraining the defendant, Governor of Guam, from in any way invading, infringing, or interfering with plaintiff's right to go in and upon any public street or highway or any other public place, grounds or building.

The intervenors request similar relief and in addition ask this Court to declare Executive Orders 76–12 and 76–14 unconstitutional.

Super Typhoon Pamela passed directly over the island of Guam on May 21, 1976, causing severe destruction to the island and especially to the power and telephone systems on the island. At the time plaintiff's motion for injunctive relief was heard, electric power had been restored to only 30 percent of the island.

On May 22, 1976, the Governor of Guam issued Executive Order No. 76–12, which reads in part as follows:

" . . . Now, Therefore, I, Ricardo J. Bordallo, Governor of Guam, by virtue of the authority vested in me by the Organic Act of Guam, as amended, and the aforestated sections of the Government Code of Guam and related laws of the Territory of Guam, do hereby declare and order that:

1. A State of Emergency exists on the Territory of Guam,

2. This declaration shall continue until such time as the Governor declares otherwise,

3. Effective immediately, no person shall be permitted in or upon the public streets, highways, or any other public place, grounds or building between the hours of 7:00 P.M. and 6:00 A.M., without a permit therefor from the Director of Public Safety.

4. Such permit shall be granted only to those persons who can establish legitimate need to be abroad during the prohibited hours by reason of their employment or business,

5. This Order shall remain in effect until revoked or modified by subsequent Executive Order of the Governor. . . ."

On May 25, 1976, the Governor issued Executive Order No. 76–14, which sets the curfew between the hours of 8:00 P.M. and 6:00 A.M.

■ The authority of the Governor to promulgate curfew regulations must be delegated to him by statute since the exercise of the inherent police powers of a state rests in its legislature. *Frost v. City of Los Angeles,* 181 Cal. 22, 183 P. 342, 16 Am. Jur.2d, § 274, Constitutional Law.

■ The Governor claims the authority to promulgate Executive Order Nos. 76–12 and 76–14 under the Organic Act of Guam and under Section 8506(4)(e), (f), and (g) of the Government Code of Guam. Close examination of the Organic Act of Guam (48 U.S.C., § 1422) reveals that the Governor has the authority in case of a "disaster" to "summon the posse comitatus or call out the militia or request assistance of the senior military or naval commander of the Armed Forces of the United States in Guam." The Organic Act does not give the Governor the power to promulgate a curfew regulation in the aftermath of a natural disaster. Moreover, while the Organic Act authorized the Governor to declare martial law, he may exercise that authority only in case of rebellion or invasion, or imminent danger thereof.

A careful examination of Title IX, Chapter VI, of the Government Code of Guam, otherwise known as the Guam Civil Defense Act of 1951, provides no authority for the Governor's Executive Order. At best, Section 8506(4)(e) provides that the Governor may direct and control the conduct of civilians and the movement and cessation of movement of pedestrians and vehicular traffic during, prior, and subsequent to drills or attack. While Section 8506 may grant the Governor the power to control the movement of people during, prior, and subsequent to an attack or during, prior or subsequent to a civil defense drill it does not give him the authority to establish a curfew regulation in the aftermath of a natural disaster.

It is also important to note that while the police power of the state rests in the Legislature, the Governor acted on May 22, 1976 and again on May 25, 1976, without any legislation in promulgating the Executive Orders in question. It should also be noted that the Guam Legislature has remained in continuous session since May 24, 1976, and could have been called into special session by the Governor at any time pursuant to 48 U.S.C., § 1423h. The Governor promulgated Executive Order Nos. 76–12 and 76–14 without authority from the Congress of the United States or from the Legislature of Guam.

■ In the event that the Organic Act or the Government Code of Guam provides the Governor with the power to unilaterally promulgate curfew regulations in the aftermath of a natural disaster such regulations must be reasonable. Because such regulations severely impinge the civil liberties of the populace and curb an individual's free-

dom, only a clear showing of emergent necessity can justify their imposition. Freedom of movement is a fundamental right which may be restricted only where necessary to further the most compelling state interest, and such regulations must be narrowly circumscribed in order to withstand a constitutional challenge for overbreadth and vagueness. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *People v. McKelvy,* 23 Cal.App.3d 1027, 100 Cal.Rptr. 661, (1972).

The defendant has failed to show any compelling state interest requiring him to restrict an individual's freedom to move. The defendant justifies his action on the basis that the absence of streetlights in most neighborhoods and the inoperative condition of most of the telephones on the island make it difficult for the police department to protect people from burglaries. Further justification is offered on the basis that traffic control would be difficult to maintain since many traffic signals are not in operation. The Court will take judicial notice of the fact that twelve intersections on the island of Guam are controlled by electronic traffic signals. As of today's decision at least four of those signals are operating.

The state interest in prohibiting the movement of people is hardly any greater now than before Typhoon Pamela. Indeed the major justification for the curfew appears to be that the staff of the Department of Public Safety is overworked and needs the assistance of curfew regulations. Indeed if the Government of Guam requires additional law enforcement assistance in the aftermath of a natural disaster, the Governor is empowered under 48 U.S.C., § 1422, to summon the posse comitatus or to request assistance of the senior military or Naval Commander of the Armed Forces of the United States in Guam. Before depriving the citizens of Guam of their freedom of movement all available law enforcement assistance should be utilized.

If the Governor had been provided authority by the Legislature to promulgate curfew regulations the exercise of such police power would not be reasonable under these circumstances.

The Court finds that the defendant was without the authority to promulgate Executive Order Nos. 76–12 and 76–14 and declares both orders are unconstitutional. The plaintiffs shall be granted relief.

SO ORDERED.